James **REBOY** and Michelle Reboy, Plaintiffs–Appellees,

v.

**COZZI IRON & METAL, INC.,** Defendant–Appellant.

No. 92–4156.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1993.

Decided Nov. 23, 1993.

Barry D. Rooth, Theodoros, Theodoros & Rooth, Merrillville, IN, David Cerven (argued), Burke, Murphy, Costanza & Cuppy, East Chicago, IN, for plaintiffs-appellees.

Janella L. Barbrow, Elizabeth A. Knight (argued), Knight, Hoppe, Fanning & Knight, Des Plaines, IL, for defendant-appellant.

Before FLAUM and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Defendant Cozzi Iron & Metal, Inc. ("Cozzi") appeals from final judgment entered after a jury verdict in favor of the plaintiffs, James and Michelle Reboy. Cozzi argues that the district court erred by (1) ruling that James Reboy was not Cozzi's employee; (2) denying Cozzi's motions for judgment as a matter of law on several issues; and (3) denying Cozzi's motion for a set-off. While affirming on all other grounds, we believe that the district court improperly removed the question of James Reboy's employment status from the province of the jury. We therefore reverse the judgment in favor of the Reboys and remand for a jury trial on that issue only.

### I.

James Reboy ("Reboy") sued Cozzi because of injuries he sustained on November 5, 1990 during a rail car switching maneuver at Northern Indiana Dock ("NID"), a scrap metal processing yard in East Chicago, Indiana. NID is owned by American Scrap Processing, Inc. ("ASP"), a wholly-owned subsidiary of Cozzi. After working at NID for approximately one month, Reboy was promoted to switchman and began training for the position the day of his accident. After a morning of training with two yard employees, Reboy attempted to switch a rail car from one line to another by himself. During the switching maneuver, Reboy's left leg was caught between a moving rail car and a stationary rail car on another track. His leg later had to be amputated above the knee. Reboy sued Cozzi for negligent training and supervision.

Reboy asserted that Cozzi failed to fulfill its assumed duty to oversee the training and supervision of workers at the NID facility, and thereby caused his injury. Reboy's wife, Michelle, brought a derivative action against

Cozzi for loss of consortium. The Reboys, who are Indiana citizens, brought suit against Cozzi, an Illinois corporation, under diversity jurisdiction. 28 U.S.C. § 1332.

Cozzi contends that the exclusivity provision of the Indiana Worker's Compensation Act bars the Reboys' suit. This provision prevents an employee from bringing a negligence action against his employer for injuries sustained on the job. Instead, the employee must bring his claims before the Industrial Disputes Board under the Worker's Compensation Act.[1] Cozzi claims that it employed Reboy or that both it and ASP employed Reboy. Conversely, Reboy insists that ASP was his employer, not Cozzi and thus his negligence action is not barred by this provision of the Worker's Compensation Act.

At the close of plaintiffs' evidence, Cozzi moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure ("Federal Rules") on the issue of who was Reboy's employer ("the employment issue"). The judge heard Cozzi's arguments and then allowed Cozzi to present its evidence in the case. At the close of all evidence, Cozzi renewed its motion for judgment as a matter of law on the employment and liability issues. In turn, the Reboys moved for judgment as a matter of law on the issue of whether Cozzi assumed a duty to supervise and train Reboy. After denying both parties' motions for judgment as a matter of law, the district court ruled from the bench that Reboy was the employee of ASP and not Cozzi and submitted the negligence issues to the jury. The jury awarded damages of $490,000 to James Reboy and $10,000 to Michelle Reboy, after a 30% reduction in both awards for James Reboy's comparative fault. Cozzi filed a post-trial motion for judgment as a matter of law or alternatively, a new trial on the liability issues and a motion for a set-off of plaintiffs' award. The district court denied these motions and Cozzi

filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### A. *Waiver of a jury trial on the employment issue*

Cozzi contends that the district court erred in ruling that ASP was Reboy's employer. However, we believe that the district court erred by deciding the issue at all instead of allowing the jury to decide it. Before the trial began, Cozzi moved for summary judgment on the employment issue. The district court denied Cozzi's motion on the ground that there were genuine issues of material fact that could only be resolved at trial. After hearing all of the evidence at trial, the judge applied Indiana law and ruled that Reboy was the employee of ASP. He then let the case go to the jury on the remaining issues. Implicit in the judicial ruling was a determination that Reboy was not the employee of Cozzi.

The parties dispute the nature of the judge's ruling. The judge characterized it as a Federal Rule 12(b)(6) ruling on whether the Reboys stated a claim upon which relief could be granted. Cozzi insists that the district court actually entered judgment as a matter of law in favor of the Reboys. The Reboys argue that the district court made a factual determination under Rule 39(b) of the Federal Rules because Cozzi waived its right to a jury trial on the employment issue.[2]

The record does not indicate that the bench ruling was a judgment as a matter of law. The judge believed that he had to rule on Reboy's employment status before he could allow the case to go to the jury on the other issues. The judge relied on Rule 12(b)(6) and our precedent, *Beach v. Owens–Corning Fiberglas Corp.*, 728 F.2d 407 (7th Cir.), *cert. denied*, 469 U.S. 825, 105 S.Ct.

---

**1.** Indiana Code § 22–3–1–2 states in part: "(a) The industrial board shall have immediate charge of the administration of the provisions of the Worker's Compensation Act...."

Section 22–3–2–6 of the Code states:

**Rights and remedies of employee exclusive.—** The rights and remedies herein granted to an employee subject to this act ... on account of

personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

**2.** Fed.R.Civ.P. 39(b) directs the district court to try all issues not demanded for trial by jury.

104, 83 L.Ed.2d 48 (1984), in making his ruling. The district court's application of Rule 12(b)(6) and *Beach* to this case is erroneous and thus we can affirm the employer ruling only if Cozzi in fact waived its right to a jury trial of the employment issue.

Notwithstanding Cozzi's timely demand for a jury trial of all issues, the Reboys contend that during the course of the trial Cozzi agreed to have the employment issue decided by the judge, waiving its right to a jury trial on the issue. Rule 38(d) of the Federal Rules provides that once a party demands a jury trial, no triable issues may be resolved by the district court without the consent of all parties. Rule 39(a)(1) of the Federal Rules states that the parties' consent must be in writing and filed with the court or stipulated to in open court and entered into the record. The Reboys concede and the record confirms that neither Cozzi nor they formalized their "agreement" to have the district court try the employment issue.[3] Moreover, Cozzi vehemently denies that it ever entered into such an agreement.

■ In the alternative, the Reboys urge this Court to find that Cozzi waived its demand for a jury trial of the employment issue through its conduct at trial. The Reboys insist that Cozzi's conduct at trial demonstrates that Cozzi acquiesced in having the district court act as trier of fact on the employment issue, and consequently waived its right to have a jury decide this issue. The Reboys stress that this Circuit has not required strict compliance with Federal Rules 38 and 39 to effect a waiver of a jury demand. *See National Family Ins. Co. v. Exchange Nat'l Bank*, 474 F.2d 237, 241 (7th Cir.), *cert. denied*, 414 U.S. 825, 94 S.Ct. 129,

38 L.Ed.2d 59 (1973); *Lovelace v. Dall*, 820 F.2d 223, 227 (7th Cir.1987). The Reboys are correct. Instead, this Circuit, along with several others, has held that a party's conduct at trial may effectively waive its right to a jury trial. For example, we have held that a party's failure to object to a non-jury, fact-finding proceeding may waive the party's valid jury demand as to any claims decided in that proceeding where it was clear the court intended to make factual determinations. *Lovelace*, 820 F.2d at 227.

■ There is evidence in the record which could suggest that Cozzi acquiesced to having the district judge decide the employment issue. The record reveals instances where the district judge states that he must decide the employment issue or weigh the evidence, to which Cozzi either agrees or does not object. However, most of these instances occur directly before or during discussions concerning Cozzi's trial motions for judgment as a matter of law on the employment issue. In this context, it is entirely appropriate for the trial judge to weigh the evidence.

A party's conduct must clearly and explicitly signal such a waiver for this Court to give it effect. The right to a jury trial is important and this Court will not find a waiver without clear, unequivocal evidence that the party intended to waive its right. While this is undoubtedly a close case, we nevertheless hold that Cozzi did not waive its right to a jury trial on the employment issue either by express agreement or by its conduct and thus the district court erred by removing the issue from the province of the jury. Reboy's employment status under Indiana law was a mixed question of law and fact triable by a jury.[4] Because the jury

---

**3.** During oral argument, counsel for the Reboys stated that counsel for Cozzi agreed to allow the district court to determine the employment issue during a meeting in chambers. However, there is no record or transcript of this meeting for this Court to review. Although we may suspect that the parties did in fact enter into such an agreement, the record before us does not permit us to dispose of the case on this ground. We urge all parties and the district court to enter such agreements into the record so as to avoid these difficulties on appeal in future cases. Finally, we sincerely hope that neither counsel has misrepre-

sented the nature of the in-chamber proceedings in this appeal.

**4.** We recognize the holding of *Downham v. Wagner*, 408 N.E.2d 606, 610–611 (Ind.Ct.App.1980) but find it not applicable to the instant case. *Downham* holds that the court rather than the jury is to resolve the question of whether a plaintiff is the defendant's employee. However, that holding rests entirely on the state court's earlier conclusion that a party's employment status under Indiana law is a question of subject-matter jurisdiction. *Id.* This case is in federal court on diversity jurisdiction. A federal court's subject-

should have made this determination, we reverse and remand to the district court for a jury trial on the employment issue only.[5]

Two additional issues warrant attention. On appeal, Cozzi asserts that it is entitled to judgment as a matter of law on the issue of James Reboy's employment status. Judgment as a matter of law is appropriate only if there is no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on a particular issue. Fed.R.Civ.P. 50(a)(1). We cannot say that the evidence put forth at trial so unequivocally demonstrated that Cozzi was Reboy's employer that Cozzi is entitled to judgment as a matter of law. We therefore reject Cozzi's contention.

■ Finally, we express some concern about the district court's failure to address the Indiana doctrine of dual employment when it made its determination that ASP was Reboy's employer. Indiana law allows an employee to have two employers if both employers have a substantial right or power of control over the employee and the means, manner and method of his performance. *Fox v. Contract Beverage Packers, Inc.*, 398 N.E.2d 709, 711 (Ind.Ct.App.1980). We believe this doctrine is relevant and should be explicitly considered on remand.[6]

### B. *Cozzi's assumption of a duty to train and supervise Reboy*

■ The remaining issues on appeal can be disposed of more quickly. At the close of evidence and again after the return of the jury verdict in favor of the Reboys, Cozzi moved for judgment as a matter of law on the issue of its assumed duty to train and supervise Reboy. Cozzi contends that the Reboys failed to present sufficient evidence to raise a jury question as to whether Cozzi assumed a duty to train and supervise Reboy at the NID facility. The district court disagreed, finding that the Reboys presented sufficient evidence for the jury to determine whether Cozzi assumed such a duty and whether Cozzi negligently breached that duty. Whether a party assumes a duty and the extent of that duty are questions of fact for the trier of fact to determine. *Phillips v. United Eng'rs. & Constructors, Inc.*, 500 N.E.2d 1265, 1269 (Ind.Ct.App.1986).

■ On appeal, this Court reviews the district court's decision to deny Cozzi's motions for judgment as a matter of law *de novo*, applying Indiana law. *Hayes v. Otis Elevator Co.*, 946 F.2d 1272, 1275 (7th Cir. 1991). *See also, Krist v. Eli Lilly & Co.*, 897 F.2d 293, 296 (7th Cir.1990) (state law supplies the test for directed verdict or judgment notwithstanding the verdict in a diversity case). Indiana law directs a reviewing court to examine the evidence and reasonable inferences in a light most favorable to the nonmoving party, here the Reboys. The court must also determine whether there is reasonable, quantitative evidence to support the allegations and whether such evidence supports a reasonable inference that the allegations are true. *Christensen v. Sears, Roebuck & Co.*, 565 N.E.2d 1103, 1107 (Ind.Ct. App.1991).

■ Applying these standards, we agree with the district court that the Reboys submitted sufficient evidence to allow the jury to decide whether Cozzi voluntarily assumed a duty to train and supervise James Reboy. Several high-level Cozzi employees testified at trial that part of their responsibilities was to oversee the safety of the NID facility and the training of employees at that work site. This evidence provided sufficient reason for denying Cozzi's motion for judgment as a matter of law on this matter and so we affirm.

### C. *Remaining legal determinations*

At the end of the trial, Cozzi argued that the Reboys' action could not go forward to

---

matter jurisdiction arises from federal law, not state law. Therefore, the possible application of the Indiana Worker's Compensation exclusivity provision to this case is not a jurisdictional issue. For this reason, the very foundation for the *Downham* holding is missing in a case decided in federal court and thus we decline to follow the holding.

**5.** We waive Circuit Rule 36 and remand this case to Judge Lozano for a jury trial on the employment issue.

**6.** Nothing in this opinion should be construed as reaching a conclusion as to whether or not James Reboy was an employee of Cozzi.

the jury for two additional reasons. Cozzi first argued that the Indiana election of remedies doctrine bars the Reboys' suit. Cozzi next claimed that Cozzi and its subsidiary ASP were so integrated that the court should view them as a single corporate entity and as such, apply the worker's compensation exclusivity provision to bar Reboy's action. The district court rejected both arguments as incorrect legal determinations.[7] Cozzi reasserted these arguments in its post-trial motion for a new trial which the district court denied. On appeal, Cozzi asserts that the district court erred on these two grounds. We disagree and affirm the district court determinations.

### 1. Election of remedies

■ After his accident, Reboy received worker's compensation benefits from a worker's compensation insurance policy. Cozzi secured this insurance for itself and its subsidiaries, including ASP. Reboy received twenty-two checks, four of which named Cozzi as his employer.[8] Cozzi argues that Reboy, by accepting worker's compensation benefits from Cozzi, elected to receive those benefits as his sole remedy against Cozzi and that he and his wife are estopped from asserting additional claims against Cozzi.

Under Indiana law, the Reboys' claims are not barred by the election of remedies doctrine. Indiana law requires a person to elect affirmatively the remedy of worker's compensation benefits for an injury before that person is barred from maintaining a common-law action for the same injury. *See R.L. Jeffries Trucking Co. v. Cain*, 545 N.E.2d 582, 586 (Ind.Ct.App.1989) (holding that a compensation agreement between par-

ties approved by the Board acts as a binding admission of liability); *Indiana Univ. Hosps. v. Carter*, 456 N.E.2d 1051, 1058 (Ind.Ct.App. 1983) (holding that plaintiff elected the remedies contained in the Indiana Worker's Compensation Act by signing an agreement for compensation which the Board subsequently approved). The record simply does not support Cozzi's contention that James Reboy actively and affirmatively sought and obtained benefits from Cozzi in the manner contemplated by Indiana law and thus we affirm.

### 2. Cozzi and ASP as one corporate entity

■ In a final effort to prevent the jury from deciding the negligence issues, Cozzi asked the district court to "pierce the corporate veil" and find that ASP was so highly integrated with the Cozzi corporation that they should be treated as one corporate entity for the purpose of applying the exclusivity provision of the Indiana Worker's Compensation Act. "Piercing the corporate veil" requires that separate corporate identity be disregarded where one corporation is so organized and controlled and its affairs are so conducted by another corporation that it is a mere instrumentality or adjunct of the other corporation.

The district court correctly rejected Cozzi's efforts to characterize ASP as a mere instrumentality of Cozzi. The record is replete with evidence that ASP and Cozzi are distinct and separately operated corporations and that Cozzi made significant and continuing efforts to maintain separate corporate entities. There is no basis in fact for treating Cozzi and ASP as one corporate entity and therefore we affirm the district court.[9]

---

7. In its bench ruling, the district court specifically rejected Cozzi's assertion that ASP and Cozzi should be treated as an integrated corporate entity for employment purposes. The district court did not specifically address Cozzi's election of remedies argument. However, in its order denying Cozzi's post-trial motions, the district court stated that "implicit in [the] Court's order of October 5, 1992, allowing the case to proceed to the jury, was the finding that [the Reboys'] claims were not barred by the doctrine of estoppel."

8. The other eighteen checks named either ASP or NID as Reboy's employer.

9. Moreover, we agree with the district court and the Reboys that Cozzi's defensive use of the "piercing the corporate veil" doctrine may simply be inappropriate under Indiana law. There are no cases in Indiana allowing the doctrine to be used to gain immunity under the Indiana Worker's Compensation Act. Moreover, the defensive use of the "piercing the corporate veil" doctrine in the employment context has been addressed and soundly rejected in at least one other circuit. *See Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655, 662 (6th Cir.1979).

### D. *Cozzi's Right to a Set–Off*

If Reboy prevails on the employment issue at retrial, all parties agree that he will have to repay the worker compensation benefits he received after his accident to prevent a double recovery. If this occurs, we ask the district court to clarify in an order whom Reboy must repay and the amount that must be repaid.

### III.

For all of the reasons above, we REVERSE judgment in favor of plaintiffs and REMAND for a jury trial on the employment issue only. We AFFIRM on all other grounds.