Cleve HEIDELBERG and Bruce Sharp,
Petitioners–Appellants,

v.

ILLINOIS PRISONER REVIEW BOARD
and Kenneth P. Dobucki, Respondents–
Appellees.

No. 98–1653.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 1998.

Decided Dec. 17, 1998.

Cleve Heidelberg, Graham Correctional
Center, pro se.

Bruce Sharp, Graham Correctional Center,
pro se.

Deborah L. Ahlstrand, Office of the Attorney General, Civil Appeals Division, State of
Illinois Center, Chicago, IL.

Before FLAUM, KANNE, and EVANS,
Circuit Judges.*

PER CURIAM.

Like all applicants who seek certificates of appealability, Cleve Heidelberg and
Bruce Sharp must make a substantial showing of the denial of a constitutional right
before they may appeal from the denial of
their joint request for relief under 28 U.S.C.
§ 2254. The petitioners attempt to make the
requisite showing by claiming, principally,
that the Illinois Prisoner Review Board
(Board) deprived them of due process by
denying them parole. We write today to

---

* This opinion was circulated among all judges of
this court in regular active service pursuant to
Circuit Rule 40(e). No judge favored a rehearing
en banc on the question of overruling *Scott v.
Illinois Parole and Pardon Bd.,* 669 F.2d 1185
(7th Cir.1982).

determine whether such a claim is sufficient to warrant the grant of a certificate of appealability. Based on recent Illinois Supreme Court caselaw, we conclude that it is not and, accordingly, deny the petitioners' request for a certificate of appealability.

Cleve Heidelberg and Bruce Sharp are serving long prison sentences for the murder of two police officers. A jury convicted Heidelberg of killing a police officer while attempting to rob a "drive-in" theater; for which he is serving sentences of 4⅔ to 14 years for the attempted armed robbery and 99 to 175 years for the murder. Sharp, using a sawed-off shotgun, shot and killed a police officer. After pleading guilty, Sharp received an indeterminate sentence of 30 to 125 years. Both Heidelberg and Sharp have been denied parole on several occasions. After the last denial, they filed this petition which the district court summarily dismissed. Heidelberg and Sharp filed a joint request for a certificate of appealability.

 It is well established that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). While there is no constitutional right to parole, a state may create a protected liberty interest in parole through its statutes and regulations governing the parole decision-making process. *See id.* at 12, 99 S.Ct. 2100. A state creates an expectation of release that rises to the level of a liberty interest within the meaning of the Due Process Clause if its parole system requires release whenever a parole board or similar authority determines that the necessary prerequisites exist. *See Board of Pardons v. Allen*, 482 U.S. 369, 376, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).[1]

 The Illinois parole release statute at issue in this case provides in relevant part:

(c) The Board shall not parole a person eligible for parole if it determines that:

 (1) there is a substantial risk that he will not conform to reasonable conditions of parole; or

 (2) his release at that time would depreciate the seriousness of his offense or promote disrespect for the law; or

 (3) his release would have a substantially adverse effect on institutional discipline.

730 ILCS 5/3-3-5(c) (1998) (formerly Ill.Rev. Stat. ch. 38, ¶ 1003-3-5(c)). Instead of directing the Board when to release an eligible inmate, Illinois has stated the rule in the negative; the Board shall not release the inmate if one of the above conditions exists.

This court first considered Illinois' parole release statute in *Scott v. Illinois Parole and Pardon Bd.*, 669 F.2d 1185 (7th Cir.1982). Because the Illinois Supreme Court had not interpreted the parole statute prior to our decision in *Scott*, we looked to the Nebraska parole statute analyzed by the United States Supreme Court in *Greenholtz*. Noting certain similarities between the Nebraska statute and the Illinois statute, and looking to the rules promulgated by the Board for guidance, we held that Illinois' parole statute "creates a presumption that an eligible inmate will be paroled unless one of the specified grounds for denial is found to exist." *Scott*, 669 F.2d at 1190. In so holding, we concluded that Illinois' parole release statute provides an inmate with a legitimate expectation of parole and, therefore, entitles him to "some measure of constitutional protection." *Id.* We recognized, however, that "by stating its rule in the negative Illinois has left open the possibility that its statute can also be reasonably read as not creating an expectancy of release on parole." *Id.* at 1189.

In *Hanrahan v. Williams*, 174 Ill.2d 268, 220 Ill.Dec. 339, 673 N.E.2d 251 (Ill.1996),

---

**1.** Though *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), criticizes the mandatory-discretionary dichotomy used in *Greenholtz* and *Allen*, it explicitly declined to overrule any previous case. *See Sandin*, 515 U.S. at 483 n. 5, 115 S.Ct. 2293. When "a precedent of [the United States Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of deci-

sions, the Court of Appeals should follow the case which directly controls, leaving [the Supreme Court] the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.;* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); *see also Ellis v. District of Columbia*, 84 F.3d 1413, 1418 (D.C.Cir.1996).

the Illinois Supreme Court considered the same parole statute that we had analyzed in *Scott*. Noting that it was not bound by our decision in *Scott*, *see id.* at 255–56, the Illinois Supreme Court concluded that the Board's decision to grant or deny parole is completely discretionary outside of the few instances when the denial of parole is mandatory. *See id.* at 255. The court explained,

> [w]e believe that Illinois' statutory criteria and the Board's rules do not provide standards for release on parole sufficiently objective to allow a court to evaluate the Board's decision to deny parole. We thus conclude that the legislature, in drafting the statutory language, intended the Board to have complete discretion in determining whether to grant parole when the denial of parole is not mandated by statute.

*Id.*

As the Illinois Supreme Court appropriately recognized, it was not bound by our holding in *Scott*. *See Echo, Inc. v. Whitson Co., Inc.*, 121 F.3d 1099, 1102 n. 1 (7th Cir. 1997) (citing *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236, 61 S.Ct. 179, 85 L.Ed. 139 (1940)). We, however, are bound to follow a state's highest court's interpretation of its own state law. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 381, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992); *Robinson v. Ada S. McKinley Community Services, Inc.*, 19 F.3d 359, 363 (7th Cir.1994) (citations omitted). Accordingly, we overrule *Scott* and, in accordance with the Illinois Supreme Court, hold that Illinois' parole statute does not create a legitimate expectation of parole.

Because Heidelberg and Sharp do not have a protected liberty interest in being granted parole, it follows that the petitioners' due process argument does not warrant the grant of a certificate of appealability. Similarly, the petitioners' other claims also fail to make the requisite substantial showing of the denial of a constitutional right. Accordingly, we DENY petitioners' request for a certificate of appealability under 28 U.S.C. §§ 2253(c)(1)(A) & (c)(2).