**554**

TERRE HAUTE WAREHOUSING SER-
VICE, INC. and Custom Wood
Shapes, Inc., Plaintiffs,

v.

GRINNELL FIRE PROTECTION SYS-
TEMS COMPANY, a division of Tyco
International Ltd.; Grinnell Corpora-
tion d/b/a Grinnell Fire Protection Sys-
tems Company, Inc.; VFP Fire Systems,
Inc. f/k/a Viking Fire Protection Compa-
ny, a division of Viking Automatic
Sprinkler Company, and a subsidiary of
API Group, Inc.; Binks–Sames Corpora-
tion f/k/a Binks Manufacturing Co.; The
Viking Corporation; Reliable Automatic
Sprinkler Company, Inc.; and Supply
Network, Inc., Defendants.

No. TH 97–232–C–M/F.

United States District Court,
S.D. Indiana,
Terre Haute Division.

Filed Aug. 9, 1999.

Order Correcting Opinion Sept. 13, 1999.

Jeffrey R. Zehe, Clausen, Miller, P.C., Chi-
cago, IL, Thomas J. Campbell, Locke, Reyn-
olds, Boyd & Weisell, Indianapolis, IN, for
plaintiffs.

John C. Trimble, Lewis & Wagner, India-
napolis, IN, for defendants.

**ENTRY**
**on Grinnell Entities' Motion for Leave to**
**Amend Answer (doc. no. 191).**

FOSTER, United States Magistrate
Judge.

This Cause comes before the Court on the
above-entitled motion by Grinnell Fire Pro-
tection Systems Co. and Grinnell Corporation
(collectively "Grinnell defendants") [1] for leave
to amend their Answer in order to plead a
nonparty defense under Fed.R.Civ.P. 15 and
Indiana's Comparative Fault Act ("Act" or
"C.F.A."), Indiana Code §§ 34–51–2–14, –15,
and –16. The plaintiffs contend that the

1. The Grinnell defendants' motion states that
"VFP" joins in their motion and that they antici-
pate that other defendants might wish to join the
motion. (Motion, p. [3].) However, to date, nei-
ther VFP Fire Systems, Inc.; The Viking Corpo-
ration; nor any other defendant has filed a no-
tice joining in the present motion, nor have any
other defendants filed their own motions.

Grinnell defendants' motion is untimely under the Comparative Fault Act because the statute of limitations has expired on any claim they could assert against a nonparty. Because leave to amend "shall be freely given when justice so requires", Fed.R.Civ.P. 15(a), and the parties' arguments involve only the provisions of the Comparative Fault Act, we examine only whether the amendment would be permitted under the Act.

According to the Second Amended Complaint (doc. no. 52), plaintiff Custom Wood Shapes, Inc. rented warehouse space from plaintiff Terre Haute Warehousing Services, Inc. Second Amended Complaint, ¶ 14. On March 19, 1996, a fire occurred in a paint spray booth in Custom Wood Shapes' space. *Id.*, ¶ 15. The booth was purportedly protected by an automatic sprinkler system which failed to activate, discharge water, or otherwise extinguish the fire, resulting in extensive damage to the entire building and the contents therein. *Id.* The plaintiffs allege that the Grinnell defendants installed and serviced the sprinkler system in Custom Wood Shapes' place of business. *Id.*, ¶¶ 3 and 4. The plaintiffs claim that the Grinnell defendants negligently failed to install and maintain a properly functioning sprinkler system in the warehouse, failed to properly train and supervise their employees and agents in installing and servicing the sprinkler system, failed to warn the plaintiffs that the sprinkler system in the booth was unable to extinguish a fire, and that they were otherwise negligent in maintaining the sprinkler system. *Id.*, Counts I and III. The plaintiffs commenced this lawsuit against the Grinnell defendants on August 11, 1997 and seek from seven to eight millions of dollars in damages.

During his deposition by the Grinnell defendants on May 11 through 13, 1999, Victor Everhart [2] testified that employees of Custom Wood Shapes constructed the paint spray booth under the supervision and guidance of an employee [3] of Maple Service and Supply, Inc. and that the design and/or construction of the paint spray booth was represented to Mr. Everhart as being fire resistant. (Motion, p. [2].) Mr. Everhart testified that he relied upon Maple Service and Supply as experts in the construction of the paint spray room. *Id.* Contending that Maple Service and Supply might also be at fault for the plaintiffs' damages, the Grinnell defendants filed the present motion to plead Maple Service and Supply as a nonparty on May 27, 1999, fourteen days after the conclusion of Mr. Everhart's deposition.

The following relevant provisions of Indiana's Comparative Fault Act were in effect when the plaintiffs' claims accrued, when they were filed, and up to the present day:

In an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty. This defense is referred to in this chapter as a nonparty defense.

IC 34–51–2–14.

The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense. However, this chapter does not relieve the claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant.

IC 34–51–2–15.

A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court

---

**2.** Neither side identified Mr. Everhart, but we assume that he is employed in a management capacity with Custom Wood Shapes.

**3.** The Grinnell defendants identify this individual only as Joe Weber. In their Response, the plaintiffs describe this individual as the owner of Maple Service and Supply. (Response, p. 2.)

may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

 (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

 (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

IC 34–51–2–16.

 "Nonparty", for purposes of IC 34–51–2, means a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant.

IC 34–6–2–88.

The fire in the plaintiffs' facility occurred on March 19, 1996. Therefore, the statute of limitations for claims arising from this fire expired on March 19, 1998.[4] The plaintiffs filed their complaint on August 11, 1997. Because the plaintiffs thus filed their complaint more than 150 days before the expiration of the statute of limitations, the Act required the Grinnell defendants to plead any nonparty defenses no later than 45 days before March 19, 1998, or on or about February 1, 1998. IC 34–51–2–16. As noted, the Grinnell defendants did not file the present motion for leave to plead a nonparty defense until May 27, 1999, fifteen months after the deadline expired. The Act allows the Court to make exceptions to these time limitations if the exceptions are consistent with giving the Grinnell defendants a reasonable opportunity to discover the existence of Maple Service and Supply as a nonparty *and* giving the plaintiffs a reasonable opportunity to add Maple Service and Supply as an additional defendant to the action before the expiration of the statute of limitation. The Act states the two conditions in the conjunctive, so both must be satisfied before the Court may allow the Grinnell defendants' amendment.

The plaintiffs argue that the Grinnell defendants had a reasonable opportunity during the almost six months after the complaint was filed until the nonparty defense deadline

to discover the existence of Maple Service and Supply as a potential nonparty, but that they failed to tender any discovery requests directed to the construction or design of the spray booth and they made no attempt to depose Mr. Everhart before the statute of limitations expired. The plaintiffs contend that granting the Grinnell defendants' motion now would be extremely prejudicial because they would lose recovery for any fault a jury might attribute to Maple Service and Supply. The Grinnell defendants counter that they reasonably pursued discovery in this Cause and that it would have been impossible to identify Maple Service and Supply as a nonparty until Mr. Everhart's deposition, which was scheduled in a reasonable course of discovery. They assert that they also promptly filed the present motion.

The following chronology occurred in this case:

| | |
|---|---|
| **03–19–1996** | **Fire occurs and cause of action accrues.** |
| 08–11–1997 | Complaint filed. |
| 09–03–1997 | Grinnell defendants appear by counsel. First extension of time to answer or respond. |
| 10–08–1997 | Second extension of time to answer or respond. |
| 10–14–1997 | Grinnell defendants answer. |
| 01–09–1998 | Case Management Plan tendered by the parties. |
| 01–16–1998 | Case Management Plan approved. The Case Management Plan provided for a discovery deadline of December 31, 1998 with paper discovery closing on September 1, 1998. These deadlines were extended to August 31, 1999 and May 14, 1999 respectively. Amended Case Management Plan, filed July 6, 1998 (doc. no. 107), approved (doc. no. 108). |
| **02–01–1998** | 45-day deadline for pleading nonparty defense. |
| *02–04–1998* | *Grinnell defendants serve first discovery requests on plaintiffs.* |
| 02–27–1998 | Plaintiffs file their preliminary exhibit and witness lists. |
| 03–09–1998 | Plaintiffs seek extension of time to respond to Grinnell defendants' discovery requests. |
| **03–19–1998** | 2-year statute of limitations expires. |
| *04–10–1998* | *Plaintiffs respond to Grinnell defendants' discovery requests.* |

The Grinnell defendants argue that, even had they served discovery shortly after filing their answer, it is "highly unlikely" that sufficient information would have been obtained

---

4. The plaintiffs so asserted, (Response, p. 2), and the Grinnell defendants agreed, (Reply, p. [3]).

to identify Maple Service and Supply before the February 1, 1998 nonparty defense deadline or the March 19, 1998 statute of limitations deadline. (Reply, p. [3].) Until they had "accumulated all the necessary documentation surrounding the fire and building practices of Mr. Everhart, the Defendants would not have information to depose Mr. Everhart such that any meaningful information could lead to the discovery of this non-party defense· The acquisition of such documentation most certainly could not have been generated within the short time frame that the parties were operating under before the expiration of the statute of limitations." (*Id.*) The Court agrees. We find that the Grinnell defendants pursued a reasonable pace and course of pretrial litigation. Given the relatively short period after the filing of the complaint, the Grinnell defendants' answer, the Case Management Plan, and the plaintiff's preliminary lists of witnesses and exhibits, and given the logistical complications of scheduling depositions due to the number of defendants involved, the Grinnell defendants were not afforded a reasonable opportunity to discover Maple Service and Supply as a potential nonparty before expiration of the 45–day deadline and the statute of limitation. *See Huber v. Henley*, 656 F.Supp. 508, 512 (S.D.Ind.1987).[5] We therefore conclude that the first condition for altering the time limitations of § 16 is satisfied in this case: granting leave to the Grinnell defendants to plead Maple Service and Supply as a nonparty at this time is consistent with giving the defendants a reasonable opportunity to discover the existence of the nonparty defense.[6]

■ The more difficult issue is with the second condition of § 16: whether allowing the Grinnell defendants to plead Maple Service and Supply as a nonparty would be consistent with giving the plaintiffs a reasonable opportunity to add it as an additional defendant to the action before the expiration of the period of limitation. Because the period of limitation has clearly expired on any action by the plaintiffs, the issue becomes what the Act means by a reasonable opportunity to add a nonparty as a defendant. The plaintiffs argue for a definite rule: if the period of limitation has expired, a nonparty defense may not be asserted in any case. In essence, they contend that § 16 mandates that a plaintiff have a reasonable opportunity to sue a nonparty *after* a defendant seeks to plead it. This clearly means that the Grinnell defendants' motion could not be granted. The Grinnell defendants do not address the plaintiffs' argument or otherwise address § 16's second condition; instead, they argue that Indiana law freely permits amendments to answers to add affirmative defenses unless a plaintiff can show prejudice (from the delay not the merits of the defense). Because they haven't been dilatory in presenting this defense and the only prejudice to plaintiffs is having to meet the substance of the defense, the Grinnell defendants argue that they should be permitted to plead the nonparty defense. This argument fails from the start, however, because Indiana's procedural rules on amendments of pleadings are inapplicable in this Court, even in suits under the diversity jurisdiction. The conditions under which Indiana allows defendants to plead nonparty defenses are substantive issues governed by Indiana law and the Grinnell defendants should have addressed the meaning and effect of § 16 in their argument. The parties did not cite and we did not discover any Indiana decisions on point.

---

**5.** In *Huber*, Judge Barker examined whether a defendant had raised a non-party defense with reasonable promptness. She found that the defendant had not been dilatory in its efforts to discover the nonparty where the defendant answered the complaint about seven weeks after the complaint; shortly thereafter, the defendant discovered the location of the truck trailer involved and sought production but was opposed;· within a few months after the discovery dispute was resolved, the defendant's expert investigated the trailer and the site of the accident and opined that the nonparty was also at fault; and the defendant immediately sought to amend its answer to plead the nonparty.

Section 16's first condition does not state or imply that the reasonableness of a defendant's opportunity to discover a nonparty should be judged on the basis of an accelerated discovery process and the Case Management Plan in this case provided for an ordinary pace of discovery.

**6.** The plaintiffs did not make the textual argument that a court's power to "alter" § 16's time limitations does not include the power to excuse them entirely.

Although it might not be the way this Court would have chosen to legislate the matter, we conclude that Indiana's Comparative Fault Act does not permit a defendant to plead a nonparty defense after the applicable period of limitation if the defendant was sued more than 150 days before expiration of that period, even if the defendant did not have a reasonable opportunity to discover the nonparty defense before expiration of the period. We reach this conclusion for the following reasons.

Our first reason is based on the difference in language between § 16's first and second conditions for altering the 150/45–day time limitation. While the first condition requires that a court give a defendant a reasonable opportunity to "discover the existence of a nonparty", the second condition requires that a plaintiff have a reasonable opportunity to "add the nonparty as an additional defendant to the action before the expiration of the period of limitation". A defendants' opportunity under § 16 is to "discover" nonparties while a plaintiffs' opportunity is only to "add" them while they are still suable. To allow a defendant to plead a nonparty after expiration of the period of limitation on the ground that the plaintiff had an opportunity to sue the nonparty before expiration, a court would have to find that the plaintiff had a reasonable opportunity to discover and add the nonparty, more than what § 16 requires.[7] The more natural, straightforward reading of § 16's second condition is that it requires that a plaintiff have a reasonable opportunity to sue a nonparty only *after* the defendant has identified and sought to plead the nonparty.

Second, altering the 150/45–day time limitation to allow a nonparty to be pled after expiration of the period of limitation would improperly shift the burden of nonparty pleading from defendants to plaintiffs. It is well-settled in Indiana that the Act places the burden of pleading a nonparty defense on defendants. IC 34–51–2–15 ("The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense."); *Templin v. Fobes*, 617 N.E.2d 541, 544 (Ind.1993) ("The burden of pleading and proving a nonparty defense is upon the defendant", * * * "As we noted in *Cornell Harbison*[8], the language of the statute makes clear that the defendant has the burden of pleading a nonparty defense."). In order to permit a nonparty defense to be pled after expiration of the period of limitation, a court would have to find that a plaintiff already had a reasonable opportunity to discover and sue the nonparty and therefore forfeited its opportunity to do so. Such an interpretation of § 16's second condition would compel plaintiffs to seek out and sue all potential defendants before the period of limitation expired or risk losing the opportunity for a full recovery; this would in effect place the burden and risk of nonparty pleading back on plaintiffs against the express purpose of the Act.[9] We recognize the few cases that place some burdens on plaintiffs to take steps to discover and/or proceed against nonparties, *see, e.g., Faust v. Thomas*, 535 N.E.2d 164, 167 (Ind.Ct.App.1989); *Huber v. Henley*, 656 F.Supp. 508, 511 (S.D.Ind.1987), but, although we might believe that these cases represent the better approach for resolving this issue, these cases are few, they do not directly interpret § 16, they are not authoritative on Indiana law, and/or they conflict with clearer precedent from the Indiana Supreme Court, which we are

---

7. It would also mean that the plaintiff had a better opportunity to discover the nonparty than the defendant had.

8. [This Court's note] *Cornell Harbison Excavating, Inc. v. May*, 546 N.E.2d 1186 (Ind.1989).

9. It can be argued that the Act itself effectively shifts the burden of nonparty pleading to plaintiffs who file suit less than 151 days before the expiration of the period of limitation. Section 16's time limitations do not apply in such cases; instead, the Act requires defendants to plead nonparty defenses only with "reasonable prompt-

ness" after "gain[ing] actual knowledge" of a nonparty defense, without regard to the period of limitation. Plaintiffs in such cases risk forfeiting the right to sue nonparties of whom defendants do not gain actual knowledge before expiration of the period of limitation. That risk also effectively shifts the burden of "nonparty pleading" to plaintiffs. But, if this is an accurate interpretation of the Act, it is a shift in the burden that follows by necessary implication from the Act itself and does not support similar shifts of the burden which are not so necessarily implied.

obliged to follow in interpreting state law. *Heidelberg v. Illinois Prisoner Review Board,* 163 F.3d 1025, 1026 (7th Cir.1998); *Burns Philp Food, Inc. v. Cavalea Continental Freight, Inc.,* 135 F.3d 526, 528 (7th Cir. 1998); *Diamond v. Springfield Metropolitan Exposition Auditorium Authority,* 44 F.3d 599, 603 (7th Cir.1995).

 Third, construing § 16's second condition as requiring a plaintiff to have a reasonable opportunity to add the proposed nonparty as a defendant *after* the defendant seeks to name the nonparty is not an unreasonable interpretation of the Act and does conform to its purposes. As caselaw in Indiana makes clear, the primary purpose of the Comparative Fault Act is not to achieve a fair and accurate apportionment of fault but to alleviate the harsher aspects of the prior contributory fault system which denied a plaintiff any recovery if he was in any part at fault. *Bowles v. Tatom,* 546 N.E.2d 1188, 1190 (Ind. 1989). The Act's "proportional allocation of fault is the means by which the Act's objectives are reached, not the ends to which it aspires." *Id. Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.,* 578 N.E.2d 669, 672 (Ind.1991); *Holden v. Balko,* 949 F.Supp. 704, 707 (S.D.Ind.1996). In light of this legislative intention, a court could not find that a construction of the Act that prevented a defendant from pleading a nonparty defense after the period of limitation expired—thus forestalling an accurate and complete apportionment of fault—was, for that reason alone, an unreasonable construction given the pre-Act common law scheme that held joint tortfeasors jointly and severally liable and gave defendants no right to contribution from joint tortfeasors. *Barker v. Cole,* 396 N.E.2d 964, 971 (Ind.App.1979). In addition, because a statute in derogation of the common law must be narrowly construed against the limitation of the common law right, *McQuade v. Draw Tite, Inc.,* 659 N.E.2d 1016, 1018 (Ind.1995); *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 281 (Ind.1994); *Quakenbush v. Lackey,* 622 N.E.2d 1284, 1290 (Ind.1993), § 16 of the Act must be

strictly and narrowly construed to preserve the common law rights of the parties. In this case, that means plaintiffs' rights to pursue full recovery against one joint tortfeasor. Our interpretation of § 16's second condition as preventing the pleading of nonparties after expiration of the period of limitation simply leaves defendants where they would have been at common law before the Act.

It may be argued that interpreting § 16 in a way that treats defendants who cannot discover nonparties before expiration of the period of limitation differently based only on when they were sued leads to arbitrary and absurd results that the legislature could not have intended.[10] *See Sales v. State of Indiana,* 714 N.E.2d 1121, 1128–29 (Ind.Ct. App.1999). However, deadlines, as opposed to standards, are, by their nature, arbitrary, and sometimes lead to harsh or inconsistent results in particular applications. It is nonetheless reasonable for legislatures to choose the administrative ease and efficiency of deadlines over case-by-case evaluations when establishing statutory causes of action. While allowing defendants to reduce their liability by pleading nonparties, Indiana protects plaintiffs' opportunities for a full (or fuller) recoveries by requiring defendants to plead nonparties far enough in advance of the expiration of the period of limitation to permit plaintiffs to sue the nonparties directly. Recognizing that some defendants would not have a reasonable opportunity to discover nonparties in time if they were sued late in the period, the General Assembly decided on § 16's 150/45–day deadlines: 105 days (150 days minus 45 days) was established as the presumptive minimal reasonable time for defendants to discover and plead nonparties and 45 days was established as the presumptive minimal reasonable time for plaintiffs to sue the nonparties. We cannot say that the General Assembly's choice to use deadlines or that the specific deadlines chosen are unreasonable. In addition, given the important purpose of the Act to preserve plaintiffs' abilities to sue nonparties and considering the pre-existing tort scheme of joint and several tortfeasor liability (which we look to

10. Section 16 apparently permits defendants who are served less than 151 days before expiration to plead a nonparty defense "with reasonable promptness" regardless of the period of limitation.

as the base measure of reasonableness), we cannot conclude that not allowing exceptions to § 16's time limitations which prevent plaintiffs from suing nonparties leads to absurd or irrational results.[11]

■ Our construction of § 16's second condition is not inconsistent with other sections of the Act. Parts of statutes should be construed consistently where possible. Before Indiana's tort reform amendments of 1995 significantly expanded the classes of qualified nonparties, only persons who were or might have been liable to plaintiffs could be pled as nonparties. P.L. 174–1984, § 1, 1984 Indiana Acts 1468, 1469; IC 34–4–33–2(a) (pre–1998 codification). This excluded, for example, persons who were immune from suit, persons who were not subject to state court jurisdiction, and persons protected by statutes of repose. The amendments moved the Act along the spectrum from a full recovery scheme toward an accurate apportionment of fault scheme by broadening the definition of "nonparty" to include any person who "caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant", P.L. 278–1995, § 8, 1995 Indiana Acts 4051, 4056, reenacted, P.L. 1–1998, § 1, 1998 Indiana Acts 1, 17; IC 34–6–2–88, and adding language to the provisions on jury instructions emphasizing that all culpable parties shall be considered by the jury:

> The jury may not be informed of any immunity defense that is available to a nonparty. In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property, tangible or intangible, regardless of whether the person was or could have been named as a party.

11. Although it was based on the rule that nonparties must be specifically named, the Indiana Supreme Court's decision in *Templin v. Fobes*, 617 N.E.2d 541 (Ind.1993), lends support to a strict and literal reading of § 16's language. In that case, the defendant pled in his first answer that the designer, manufacturer, and/or installer of the driver's seat in the plaintiff's automobile was also at fault for the injuries she sustained in the subject collision, but did not specifically name the nonparty. After § 16's 45–day dead-

P.L. 278–1995, § 9, 1995 Indiana Acts 4051, 4057–58, reenacted, P.L. 1–1998, § 47, 1998 Indiana Acts 1, 318–19; IC 34–51–2–7(b)(1) and –8(b)(1). There is no necessary conflict between the design or effect of the 1995 amendments and § 16. While the 1995 amendments enlarged the universe of nonparties to encompass all persons who caused or contributed to cause plaintiffs' damages regardless of whether they could be sued by plaintiffs, § 16 requires only that nonparties who *are* suable be pled early enough to allow plaintiffs to sue them. We may only interpret the General Assembly's retention of § 16 as a decision to retain some protection of plaintiffs' traditional opportunities for full (or fuller) recoveries at the expense of accurate fault apportionment.

Indiana's comparative fault system allows defendants to shift liability to nonparties but also preserves plaintiffs' opportunities for full(er) recoveries by procedurally protecting their abilities to sue nonparties. It does this through the establishment of the 150/45–day time limit for pleading nonparties. Although application of § 16's 150/45–day limit has the unfortunate result of preventing some defendants from pleading nonparties they did not have a reasonable opportunity to discover in time, a federal court exercising its diversity jurisdiction must follow Indiana's law. In this case, this principle means that,

The Grinnell defendants' motion is DENIED.

### ENTRY
**on VFP Fire Systems, Inc.'s Motion to Reconsider Entry *etc.* (doc. no. 247), and Correcting Entry of August 9, 1999.**

Footnote 1 of this magistrate judge's Entry of August 9, 1999 denying the Grinnell Entities' Motion for leave to Amend Answer

line for pleading nonparties had passed, the plaintiff moved for a partial judgment on the pleadings that no nonparties had been pled. Despite the fact that the nonparty was specifically known by name to both the defendant and the plaintiff—in fact, the plaintiff had unsuccessfully moved to add the nonparty as a defendant—the Supreme Court held that the partial judgment should have been granted because the defendant had failed to include the specific name of the nonparty in its Answer by the 45–day deadline.

(doc. no. 191) noted that VFP had not formally joined in the Grinnell Entities' motion. A review of the file pursuant to the advice of the above-entitled motion reveals that VFP Fire Systems had in fact filed a formal notice of joinder in the Grinnell Estates' motion on June 23, 1999 (doc. no. 203). The record now so reflects.

VFP Fire Systems' motion is GRANTED to this extent. The other part of the motion, requesting reconsideration of the substance of the Entry, remains pending.

