UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2005[*]
Decided June 23, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1046

| | |
|---|---|
| DAVID S. FREDERICK, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Western |
| | District of Wisconsin |
| *v.* | |
| | No. 04-C-684-C |
| MATTHEW J. FRANK, et al., | |
| *Defendants-Appellees.* | Barbara B. Crabb, |
| | *Chief Judge.* |

**O R D E R**

Wisconsin inmate David Frederick is serving consecutive sentences totaling 39 years' imprisonment for sexual assault and battery. Frederick has served approximately 18 years and believes that he should now be released on parole. But the Parole Commission will not consider releasing Frederick until he completes two treatment programs for sex offenders. Frederick claims that this requirement denies him due process because, he says, there are over 1,000 inmates on a waiting list for those programs and he expects to have to wait several years before he will be allowed to begin them. Frederick sued a number of prison officials under 42 U.S.C.

---

[*] We granted the appellees' motion for non-involvement due to lack of service of process in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

§ 1983, seeking damages and an injunction ordering his admission into the programs. The district court dismissed Frederick's complaint at screening, 28 U.S.C. § 1915A, because he failed to allege that the defendants violated a constitutionally protected right. Frederick appeals.

Frederick claims that he has a constitutionally protected liberty interest in being considered for parole without further delay. Whether Frederick has such a protected interest depends on the nature of Wisconsin's procedures for granting parole, because an inmate has a liberty interest only if the state's statutes and regulations create an expectation, rather than a mere hope, of early release. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 11-12 (1979); *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1026 (7th Cir. 1998) (per curiam). In Wisconsin an inmate generally becomes eligible to be considered for parole after serving one-quarter of his sentence, Wis. Stat. § 304.06(1)(b), and typically is entitled to mandatory release after serving two-thirds of his sentence, Wis. Stat. § 302.11(1). *State ex rel. Gendrich v. Litscher*, 632 N.W.2d 878, 882 & nn.4-5 (Wis. Ct. App. 2001).

Frederick argues that the defendants' refusal to enroll him in the required programs effectively extends his term of imprisonment and therefore infringes on his liberty. But the state Parole Commission has discretion to grant or deny parole to those inmates who have served only the first quarter of their sentences, and an inmate has no constitutionally protected liberty interest in being considered for this discretionary release. *Id.* at 882. An inmate has a protected liberty interest in parole only after he reaches his mandatory release date. *See Felce v. Fiedler*, 974 F.2d 1484, 1491-92 (7th Cir. 1992); *Santiago v. Ware*, 556 N.W.2d 356, 364 (Wis. Ct. App. 1996). Because Frederick is not entitled under Wisconsin law to mandatory release until he serves two-thirds of his sentence, he presently has only a hope rather than an expectation of release, and he thus failed to allege the infringement of a constitutionally protected right.

AFFIRMED.