UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided June 5, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3938

| | |
|---|---|
| DENNIS NOEL,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin |
| *v.* | No. 05-C-496-C |
| ALFONSO GRAHAM and<br>WISCONSIN PAROLE COMMISSION,[**]<br>    *Defendants-Appellees.* | Barbara B. Crabb,<br>*Chief Judge.* |

---

[*] The appellees have notified this court that they will not file a brief in this appeal due to lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Pursuant to Fed. R. App. P. 43(c), Alfonso Graham is substituted for his predecessor, Lenard Wells, as Chair of the Wisconsin Parole Commission.

**O R D E R**

Wisconsin inmate Dennis Noel is serving a life sentence and has been denied parole on several occasions. He filed suit under 42 U.S.C. § 1983 claiming that the Wisconsin Parole Commission and its chairman violated his constitutional rights by reviewing his parole applications under a system that is structurally and procedurally different than the system in place when he was convicted. The district court screened the complaint under 28 U.S.C. § 1915A, and dismissed the suit for failure to state a claim. Noel appeals and we affirm.

Noel was on parole for another murder when he killed a tavern owner outside the tavern in 1981. He was sentenced to life in prison. He has been denied parole several times since he was first turned down in 1992. He was rejected most recently in 2004 and will not be up for reconsideration again until 2008.

After Noel committed the 1981 murder, Wisconsin restructured the organization and procedures of the agency responsible for parole determinations. These changes include making the parole board an independent commission, no longer under the authority of the Secretary of the Department of Health and Social Services. And parole applicants are no longer evaluated by a panel comprised of two or more members; rather, inmates speak to just one of the several members of the commission. But much like the system in place under the old procedures, the current regulations authorize the chairman of the parole commission to reconsider an individual commissioner's decision any time an inmate demonstrates an extraordinary situation. *Compare* Wis. Admin Code § PAC 1.07(5)(b) (2003) *with id.* § HSS 30.06(8) (1981).

As relevant here Noel claims that retrospective application of the new parole procedures denies him due process and violates the Ex Post Facto Clause of the Constitution. The district court rejected both of these theories. The court reasoned that Wisconsin's discretionary parole scheme does not create a protected liberty interest, and thus Noel cannot argue that application of the new procedures denies him due process. The court also reasoned that applying the new procedures to Noel does not create a "significant risk of prolonging his incarceration," and thus there is no ex post facto concern. Our review is de novo. *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005).

Convicted prisoners have a liberty interest in parole only if the state through its statutes and regulations creates an expectation, rather than a mere chance, of being granted parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11-12 (1979); *Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1026 (7th Cir. 1998). Noel contends that the statutes and regulations in force in 1981 provided that "discretionary parole shall be granted if certain criteria outlined in

the body of HSS 30 were deemed to have been met." But Noel is wrong. The governing statute in 1981 stated that the Department of Health and Social Services "*may* parole an inmate of the Wisconsin state prisons . . . when he or she has served 20 years of a life term less the deduction earned for good conduct." Wis. Stat. § 57.06(1) (1981) (emphasis added). Nowhere does the former statute mandate release on parole. And as best we can tell, the regulations governing parole that Noel cites in his brief were not enacted until approximately two months after he killed the tavern owner; like the statute, those regulations did not create an expectation of being granted parole. Although the regulations provided that parole consideration "shall" involve several categories of factors, nowhere did those regulations suggest that the decision whether to grant or deny parole prior to the end of a sentence was anything but discretionary. *See* Wis. Admin. Code §§ HSS 30.01-30.07 (effective May 1, 1981). Similarly, Wisconsin's current statute does not create a liberty interest in parole; it merely states that "the parole commission *may* parole an inmate serving a life term" after he has served 20 years. Wis. Stat. § 304.06(1)(b) (2003) (emphasis added). Because the possibility that Noel might be paroled has always been wholly within the state's discretion, he cannot have a constitutionally protected liberty interest in early release. And without such an interest, Noel cannot argue that the procedures used in making the discretionary decision to deny him parole violated his due process rights. *See Greenholtz*, 442 U.S. at 11-12; *Huggins v. Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986).

Nor can Noel establish a violation of the Ex Post Facto Clause given the legal theory he advances. To prevail Noel would have to demonstrate that the parole procedures adopted after he committed his most recent murder are facially more harsh than those they replaced or, barring that, that the new procedures create a significant risk of prolonging his incarceration. *See Garner v. Jones*, 529 U.S. 244, 251 (2000); *Glascoe v. Bezy*, 421 F.3d 543, 547 (7th Cir. 2005). Noel does not make a facial challenge and instead claims that the new procedures pose a significant risk that he will serve more time in prison. But on that question Noel has pleaded himself out of court. *See Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). As we read his complaint, he simply contends that he faces an increased risk of prolonged incarceration because application of Wisconsin's current regulations allows for his parole application to be evaluated by just one parole commissioner, whereas the regulations in place in 1981 required such consideration to be made by at least two members of the parole board. *Compare* Wis. Admin. Code § PAC 1.06(4) (2003) *with id*. § HSS 30.05(4) (1981). Noel presumes that a single evaluator will always be prejudiced against him, but we do not understand why that must be so. As the district court noted, the prospect that a single commissioner's bias will control the outcome is a concern for the state as well as the inmate, if it is a concern at all. And that is the real problem with Noel's contention: he speculates that having fewer evaluators will adversely affect his chances of gaining parole, but that

speculation could not establish a significant risk that his time in prison will be prolonged. *See Calif. Dep't of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995). Accordingly, the district court was correct to dismiss this claim as well.

AFFIRMED.