UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided October 4, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1830

| | |
|---|---|
| LEWIS ALTMAN, JR.,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MATTHEW J. FRANK,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 06 C 100<br><br>Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Wisconsin inmate Lewis Altman, Jr., sued the Secretary of the Department of Corrections under 42 U.S.C. § 1983 claiming that the Wisconsin Parole Commission denied him due process and violated the Ex Post Facto Clause of the United States

---

[*] The Attorney General of Wisconsin notified this court that the state was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

Constitution by deferring his parole date.[1]  The district court dismissed the suit for failure to state a claim upon which relief can be granted.  We affirm.

Mr. Altman began serving a 40-year sentence in 1993 after pleading guilty in a Wisconsin court to attempted first-degree homicide and reckless endangerment.  At the time of his sentencing, a Wisconsin statute instructed that, unless there were "overriding considerations not to do so," the Parole Commission should parole prisoners like Mr. Altman who completed their high school equivalency diploma while incarcerated.  Wis. Stat. § 304.06(1r) (1989-90).  Effective July 1996, however, the Wisconsin legislature repealed this law.

Mr. Altman first became eligible for parole in 2003, *see* Wis. Stat. § 304.06(1)(b) (1993-94) (precluding parole eligibility until a prisoner has served at least 25 percent of his sentence), and was interviewed by the Parole Commission in 2005.  After the interview, the Commission elected to defer his parole eligibility for another 24 months.  Mr. Altman sued under § 1983, arguing that, because he had obtained his high school equivalency diploma while in prison, the Commission should have followed former § 304.06(1r) and either granted him parole or explained the "overriding considerations" for not doing so.  Mr. Altman contended that, by failing to follow the repealed statute and deferring his parole, the Commission denied him due process and violated the Ex Post Facto Clause, U.S. Const. art. 1, § 10, cl. 1.  Because Mr. Altman requested declaratory relief for these alleged constitutional violations rather than his immediate or speedier release from prison, he properly brought suit under § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

The district court dismissed Mr. Altman's suit under 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted.  We review § 1915A dismissals de novo and will affirm when it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief.  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Altman does not have a protected liberty interest in obtaining parole under former § 304.06(1r) even though that statute was in effect at the time of his sentencing.  Prisoners do not have a constitutional right to parole, and although state statutes couched in mandatory language may create a protected liberty

---

[1]  In its summary disposition of this case, the district court questioned whether Matthew Frank, the Secretary of the Department of Corrections, is the appropriate defendant.  Because the state informed us that it would not be filing a brief due to lack of service in the district court, we do not have the benefit of the state's position regarding the appropriate defendant.  We thus take no position on the issue.

interest in release on parole, *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7-8 (1979); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006), federal courts must defer to the finding of the state's highest court in determining whether a particular state has, by statute, created a protected liberty interest, *Heidelberg v. Illinois Prisoner Review Board & Kenneth P. Dobucki*, 163 F.3d 1025, 1026 (7th Cir. 1998). When the state's highest court has not ruled on an issue, federal courts should adhere to the decision of the state's appellate court unless there are "persuasive reasons" to believe the state's highest court would hold otherwise. *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997). The Court of Appeals of Wisconsin has stated unequivocally that § 304.06(1r) did not create a liberty interest in parole for inmates who were sentenced while the statute was still in effect but became eligible for parole only after its repeal. *State ex rel. Britt v. Gamble*, 653 N.W.2d 143, 148 (Wis. Ct. App. 2002). Furthermore, the appellate court explained that even prisoners who became eligible for parole while that statute was in effect did not have a liberty interest in parole release because the Parole Commission "retained discretion in granting release on parole in its subjective determination of whether there were 'overriding considerations' not to grant it." *Id.* at 149. We find no reason to believe the Supreme Court of Wisconsin would disagree with the view of the appellate court, and we thus agree with the district court that Mr. Altman has no cognizable due process claim.

Mr. Altman's argument that the Commission's decision violated the Ex Post Facto Clause fails for the same reason. In considering an ex post facto challenge, our focus is "not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether any such change . . . increases the penalty by which a crime is punishable." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995). The Commission deferred parole for Mr. Altman on the basis of his unmet "treatment needs," the nature of the offense for which he was incarcerated ("a relatively unprovoked shooting"), his criminal history and status as a repeat violent offender, and the Commission's concern that releasing Mr. Altman on parole would put the public at risk. These factors would have been considered under § 304.06(1r) as "overriding considerations" that warranted denying parole even to otherwise eligible inmates. *See Gamble*, 653 N.W.2d at 149. Because the Commission simply exercised the same discretion to deny Mr. Altman parole in 2005 that it could have exercised under § 304.06(1r), the Commission's failure to evaluate Mr. Altman under the old statute did not increase the penalty by which Mr. Altman's claim was punishable. *See Morales*, 514 U.S. at 508-09 (rejecting argument that any legislative change that might conceivably affect a prisoner's punishment violates Ex Post Facto Clause); *Grennier*, 453 F.3d at 444 (explaining that states risk violating Ex Post Facto Clause only when they change their laws "in ways that increase the punishment for earlier crimes"). Thus, the district court also properly concluded that the Commission did not violate the Ex Post Facto clause.

AFFIRMED