**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 7, 2007
Decided December 6, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2059

| | |
|---|---|
| JAY M. BARTLEY, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 07 C 143 |
| WISCONSIN DEPARTMENT OF CORRECTIONS, et al., | |
| *Defendants-Appellees.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Wisconsin prisoner Jay Bartley is a sex offender who recently became eligible for parole, but Wisconsin has adopted an informal policy not to parole sex offenders until they have completed a sex offender treatment program. Bartley sued the Wisconsin Department of Corrections and others under 42 U.S.C. § 1983, contending that they have arbitrarily kept him from completing his sex offender treatment. The district court screened the suit under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. Bartley, who is assisted by counsel, appeals. We affirm.

In 1990 Bartley began serving a 57-year sentence for two counts of first-degree sexual assault.  Under Wisconsin law, he became eligible for parole in January 2004 (at the completion of 1/4 of his sentence, Wis. Stat. § 304.06(1)(b)), and his mandatory release date, assuming good behavior, is November 2027 (at the completion of 2/3 of his sentence, *id.* § 302.11(1)).  Bartley says in his complaint that he completed a sex offender treatment program in 1996.  After that, he says he voluntarily continued to participate in the program for some months but was forced out in 1997 after angering the program's directors by asking to leave.  Bartley contends that the notation that he had completed the sex offender program was then removed from his record.  The complaint contains no attachments or other details about this spat.

Now Bartley can't get a parole hearing, even though he is eligible for it.  He was transferred to another prison that only offers sex offender treatment to inmates who are near their mandatory release date—and, as noted, Bartley's is 20 years away.  The parole commission "strongly recommended," in Bartley's words, that he be enrolled in the treatment program, but the prison refused to make an exception.  To make matters worse, he was recently notified that he will be transferred to another prison that does not offer a sex offender treatment program.

We review *de novo* the district court's § 1915A dismissal, taking all facts in the complaint as true—the same way we review a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

As an initial matter, the district court mistakenly stated that Bartley's challenge to the parole system is not cognizable in a suit under 42 U.S.C. § 1983 but must proceed instead under the federal habeas corpus statutes.  It is true that the general principle of *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits the use of civil rights lawsuits to collaterally attack the fact of confinement or its duration, can bar certain prisoner suits.  A prisoner cannot, for example, use § 1983 to challenge the revocation of good time credits which, if restored, would lead directly to a shorter sentence. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  But *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), makes clear that an inmate may challenge state parole procedures in an action under § 1983 when success would merely mean becoming eligible for a discretionary grant of parole, as opposed to being released immediately from prison or having one's release date bumped up. *See also Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006).

Although the suit is cognizable under § 1983, that does not mean it has any merit.  Bartley contends that he was deprived of due process when the Department of Corrections required him to complete a sex offender treatment program before considering him for parole and then put him in a position where he was unable to

do that. But in order to make out a due process claim, Bartley must show that he has a liberty interest at stake, and the Supreme Court has held that there is no general constitutional right to parole. *Greenholz v. Inmates*, 442 U.S. 1, 7 (1979). A state may, but need not, create a liberty interest by establishing an entitlement to parole based on specific criteria—e.g., an inmate *shall be* paroled if after serving X amount of his sentence he has done Y and Z. *Id.*; *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1026 (7th Cir. 1998) (per curiam). But as this court has noted, *Grennier*, 453 F.3d at 444, Wisconsin has adopted a completely discretionary parole regime. *See* Wis. Stat. § 304.06(1)(b) ("the parole commission *may* parole an inmate" who has completed 1/4 of his sentence); Wis. Admin. Code § DOC 302.21(2) (inmate "shall be *eligible* for parole when 25% of the sentence imposed" has been served) (emphases added). A Wisconsin inmate can never be guaranteed parole by meeting set criteria; he must always rely on the discretion of the parole board. *Grennier*, 453 F.3d at 444. Thus Bartley has no liberty interest in parole and cannot make out a due process claim.

Bartley argues that he may nevertheless have a substantive due process claim. The district court dismissed this claim on the rationale that since there is a specific framework of procedural due process in this context, courts should not explore the murkier depths of substantive due process law. Nevertheless, we note that several courts have rejected the notion that there is a substantive due process right to a certain parole procedure in the absence of a protected liberty interest. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Bailey v. Gardebring*, 940 F.2d 1150, 1157 (8th Cir. 1991).

Bartley believes that the program directors' behavior was egregious official conduct that "shocks the conscience," thereby implicating the substantive due process clause. *Cf. Coleman v. Dretke*, 395 F.3d 216, 224–25 (5th Cir. 2004) (no substantive due process violation where prison required sex offender treatment for inmate who was not convicted of a sex offense). Perhaps if the program directors maliciously stripped Bartley of his treatment certification in order to keep him in prison, or because he belonged to a protected racial or ethnic group, his substantive due process claim could have a chance of succeeding. But Bartley's complaint merely says that the program directors removed the certification because he angered them by asking to leave the program. And that does not shock the conscience or violate the Constitution. A complaint must do more than leave open the possibility that the plaintiff might later plead some set of undisclosed facts that would warrant relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968–69 (2007).

                                                                                          AFFIRMED