**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 14, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1988

| | |
|---|---|
| AARON HYCHE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 07 CV 380 WDS |
| | |
| NEDRA CHANDLER, | William D. Stiehl, |
| *Respondent-Appellee.* | *Judge*. |

**O R D E R**

Aaron Hyche appeals from the dismissal of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, in which he challenges the refusal of the Illinois Prisoner Review Board to release him on parole. The district court concluded that Hyche's petition is premature because he did not exhaust his state remedies before turning to federal court. We conclude, however, that Hyche does not state a claim under federal law.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

Hyche currently is serving indeterminate prison terms on his 1976 convictions in Effingham County, Illinois, for murder (250 to 300 years) and attempted murder (25 to 75 years). After he was denied parole for the fourteenth time, Hyche petitioned for a writ of habeas corpus, claiming that the review board had denied him due process. The district court referred the petition to a magistrate judge and without objection adopted his recommendation to dismiss the case without prejudice. The magistrate judge reasoned that Hyche had not exhausted his state-court remedies and thus his § 2254 petition was premature.

In this court Hyche continues to insist that he exhausted his state remedies. But he waived that contention by not objecting to the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 142 (1985); *United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006). More importantly, though, the exhaustion issue is irrelevant. Illinois prisoners have no entitlement to parole, and a hope to be released on parole in a discretionary system does not create a protected "liberty" or "property" interest under the Fourteenth Amendment. *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1027 (7th Cir.1998); *see Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001) (explaining that parole system making release entirely discretionary "means that the setting of a parole-release date does not entail 'liberty' or 'property'"). Thus, Hyche's contention that the review board denied him due process does not state a claim under § 2254, *see Heidelberg*, 163 F.3d at 1027, and for that reason the district court should have dismissed the petition with prejudice.

The dismissal is modified to be with prejudice, and as MODIFIED the judgement is AFFIRMED.