**Mary Jane McQUADE, Appellant,**

v.

**DRAW TITE, INC., Appellee.**

No. 44S05–9512–CV–1353.

Supreme Court of Indiana.

Dec. 15, 1995.

Patrick F. O'Leary, Yoder Ainlay Ulmer & Buckingham, Goshen, for Appellant.

Douglas A. Hoffman, Miller Carson Boxberger & Murphy, Fort Wayne, for Appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

■ In several recent cases we have rejected plaintiffs' attempts to "pierce the corporate veil" in claiming contract and tort liability against a corporation's owner or parent. *Aronson v. Price* (1994), Ind., 644 N.E.2d 864; *Winkler v. V.G. Reed & Sons, Inc.* (1994), Ind., 638 N.E.2d 1228. Similarly, in this case, we reject defendant's attempt to disregard the corporate form in claiming the protection of the exclusivity provision of the Indiana Workers' Compensation Act for an employer's parent.[1]

### Background

In April, 1992, Mary Jane McQuade (plaintiff) sustained injuries while performing her work at Mongo Electronics (Mongo), a subsidiary of Draw Tite, Inc. The parent corporation, Draw Tite, Inc., alone is the defendant in this action. Following the accident, plaintiff made a claim for compensation pursuant to the Indiana Worker's Compensation Act.[2] Plaintiff's claim was honored but had not been resolved at the time she filed this action. Plaintiff asserted that defendant was liable to her for assuming and then negligently breaching a duty of care for her job safety. Defendant moved for summary judgment, and the trial court granted the motion. The trial court ruled that plaintiff could not pursue this cause of action because the exclusive remedy for her injuries against her employer was under Indiana's Worker's Compensation Act and defendant was so interconnected with Mongo that it would be

considered plaintiff's employer under the Act. The Court of Appeals affirmed. *McQuade v. Draw Tite, Inc.* (1994), Ind. App., 638 N.E.2d 818. Plaintiff now seeks transfer.

### Discussion

**I**

■ This is the first case in which Indiana courts have addressed the issue of whether the exclusivity provision of Indiana's Worker's Compensation Act prevents an employee from suing her employer's parent corporation for injuries sustained in the course of employment. The right of an injured employee to bring a legal claim against her employer is governed by Indiana Code § 22–3–2–6 (1993) which provides that the benefits under Indiana's Workers Compensation Act constitute the exclusive remedy to the employee as against the employer:

> The rights and remedies granted to an employee subject to I.C. § 22–3–2 through I.C. § 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under I.C. § 5–2–6.1.[3]

Indiana Code § 22–3–2–13 (1993) leaves intact the injured employee's right to pursue a legal claim against any "other person than the employer":

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents in case

---

**1.** Different considerations apply in the context of tax law where exceptions to the doctrine of separate corporate identity more often arise. *Winkler*, 638 N.E.2d at 1232 n. 4; See also *Indiana Dep't of State Revenue v. Safayan* (1995), Ind., 654 N.E.2d 270.

**2.** Ind.Code § 22–3–2–2 (1993).

**3.** We recently considered the exclusivity provision in the context of an action against an em-

ployer's worker's compensation insurer, *Stump v. Commercial Union* (1992), Ind., 601 N.E.2d 327; actions for intentional torts, *Baker v. Westinghouse* (1994), Ind., 637 N.E.2d 1271, *Foshee v. Shoney's, Inc.* (1994), Ind., 637 N.E.2d 1277, and *Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282; and actions against general contractors by employees of subcontractors, *Wolf v. Kajima International, Inc.* (1994), Ind., 629 N.E.2d 1237.

of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article.

Indiana Code § 22–3–6–1 (1993) defines "employer" and "employee" as follows:

(a) "Employer" includes the state and any political subdivision, any municipal corporation within the state, any individual, firm, association, or corporation or the receiver or trustee of the same, or the legal representatives of a deceased person, using the services of another for pay. If the employer is insured, the term includes the employer's insurer so far as applicable. However, the inclusion of an employer's insurer within this definition does not allow an employer's insurer to avoid payment for services rendered to an employee with the approval of the employer.

(b) "Employee" means every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except on whose employment is both causal and not in the usual course of the trade, business, occupation, or profession of the employer.

The term "other person" used in Indiana Code § 22–3–2–13 is not separately defined.

▪▪ Although Indiana Code § 22–3–2–6 expressly provides that it is the sole recourse for a worker against his employer for injuries sustained in the course of employment, the statute is silent as to its applicability to an injured worker seeking recourse against his employer's parent corporation. Thus, it appears that the General Assembly intended the exclusivity provision to apply only to an injured worker's employer, not an injured worker's employer's parent corporation. Moreover, the remedies provided in the Worker's Compensation Act are in derogation of common law, *Federal Cement & Tile Co. v. Pruitt* (1958), 128 Ind.App. 126, 132, 146 N.E.2d 557, 560, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit. *Collier v. Prater* (1989), Ind., 544 N.E.2d 497, 498.

In *Stump*, 601 N.E.2d at 331, this court held that the relationship of a workers' compensation insurance carrier to an employer should not afford the carrier special immunity under the worker's compensation exclusive remedy provision. We went on to observe:

By limiting the application of the exclusive remedy provision to employee claims against the employer and declining to extend its protection to the worker's compensation insurance carrier, we are ... construing the statute in a manner consistent with the purposes of the Act. *The longstanding rule of this jurisdiction is that the Worker's Compensation Act should be liberally construed to effectuate the humane purposes of the Act, and that doubts in the application of terms are to be resolved in favor of the employee.*

*Id.* at 331–32 (citations omitted) (emphasis added). Because entities in the defendant's position are not covered under the language of the exclusivity clause and any uncertainty as to the clause's applicability calls for narrow construction of the statute in favor of the employee, we find no statutory basis for the trial court's grant of summary judgment in defendant's favor.

## II

### A

The standard the Court of Appeals applied in considering the validity of plaintiff's claim was "whether the parent and subsidiary companies are distinct and separately operated corporations which have made significant and continuing efforts to maintain separate entities." *McQuade*, 638 N.E.2d at 821. It is undisputed that defendant oversees and controls Mongo's operations, "reports Mongo's earnings as profits, shares a worker's compensation policy with Mongo, and performs payroll and accounting functions for Mongo." *Id.* at 822. The Court of Appeals concluded that these facts alone were sufficient to show that "Draw Tite and Mongo are not distinct and separately operated corporations and that no significant and continuing efforts to maintain separate corporate entities have been made." *Id.* Therefore, the Court of Appeals considered both defendant and Mongo plaintiff's employers for purposes of Indiana's Worker's Compensation Act and held that plaintiff's claim was barred by the exclusivity provision of the Act. *Id.*

Plaintiff contends that the Court of Appeals' decision is erroneous because Indiana courts disregard the corporate form only when it has been used to promote fraud or some other injustice, and therefore, the Court of Appeals should not have permitted defendant's "defensive piercing of the corporate veil." Defendant contends that the Court of Appeals properly applied a "reverse piercing" of the corporate veil doctrine in determining that plaintiff's claim is barred.[4]

### B

This issue has been considered by the Seventh Circuit and by courts in other jurisdictions. The United States Court of Appeals for the Seventh Circuit addressed this issue under Indiana law in *Reboy v. Cozzi Iron & Metal, Inc.*, 9 F.3d 1303 (7th Cir.1993). In *Reboy*, an employee at American Scrap Processing, Inc. (ASP), sued Cozzi Iron & Metal, ASP's parent corporation. The employee claimed that the parent corporation had negligently breached its duty for his proper training and supervision. *Id.* The United States District Court for the Northern District of Indiana (Lozano, J.) entered judgment for the employee on a jury verdict. *Id.*

On appeal, the parent corporation asserted that the district court should have granted its summary judgment motion because it was so highly integrated with the subsidiary corporation that the two entities should have been considered one under Indiana's Worker's Compensation Act, and therefore, employee had already exhausted his remedies with respect to the parent corporation. *Id.* at 1308. With Senior Judge Eschbach writing, the circuit court held that the district court correctly rejected the parent corporation's efforts to characterize the subsidiary

corporation as a mere instrumentality of Cozzi because the record was replete with evidence that the subsidiary corporation and the parent corporation were distinct and separately operated corporations that had made significant and continuing efforts to maintain their separateness. *Id.* The *Reboy* court also stated that it agreed with the district court and the plaintiffs that the parent corporation's defensive use of the "piercing the corporate veil" doctrine may simply be inappropriate under Indiana law. *Id.* at n. 9.

### C

The most widely accepted approach to this issue[5] was adopted by the United States Court of Appeals for the Sixth Circuit in *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655, 662 (6th Cir.1979), *cert. denied* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979).[6] In *Boggs*, the plaintiffs appealed the district court's dismissal of their wrongful death claim against the defendant, the parent corporation of their deceased spouses' employer. *Id.* at 658. Plaintiffs alleged that defendant was responsible for coal mine safety and ventilation and had recklessly endangered their spouses' lives by authorizing the removal of mine tunnel ventilation and safety systems in order to open a new tunnel. *Id.* at 558. Defendant stated it was not subject to tort liability because it produced coal with its subsidiary as a part of an integrated business process and should therefore be considered the deceased miners' employer under Kentucky's Worker's Compensation Act's exclusivity provision. *Id.*

The *Boggs* court made the following observations:

> Kentucky courts have not addressed the question of whether a multi-unit corporate

---

**4.** Defendant does not claim that it had an express or implied employment contract with Plaintiff. Rather, its claim is based solely upon its interconnectedness with Mongo.

**5.** *See* Annotation, *Worker's Compensation Immunity As Extending To One Owing Controlling Interest In Employer Corporation,* 30 A.L.R.4th 948, 951 (1984).

**6.** *Contra, e.g., Verhaar v. Consumers Power Co.*, 179 Mich.App. 506, 446 N.W.2d 299 (1989). In *Verhaar*, the plaintiff, who worked for Clifton Engineering Company (Clifton), was injured when he fell from a crane owned by his employ-

er's parent corporation, Rowen & Blair Electric Company (Rowen). *Id.* at 300. The plaintiff sued Rowen, and Rowen moved for summary judgment asserting that the exclusive remedy provision of the Michigan Worker's Disability Compensation Act (WDCA) precluded plaintiff's suit. *Id.* The Michigan Court of Appeals held that Rowen and Clifton would be considered the same entity under the WDCA's exclusivity clause because they shared a combined worker's compensation insurance policy, had identical personnel policies, filed a consolidated financial statement, and had a unified accounting and payroll system. *Id.*

enterprise should be viewed as a single "employer" for purposes of liability and benefits under the workmen's compensation statute. But Kentucky recognizes customary principles of corporation law which hold that separate corporate identities should not be disregarded.... Owners may elect to divide their business into parent and subsidiary corporations entitled to respect as separate legal entities in the absence of improper purposes. To remove that right and the reciprocal obligations it imposes would violate general principles of Kentucky law....

[S]eparate artificial corporate personalities are usually disregarded only when the corporate device is used to defraud creditors, create a monopoly, circumvent a statute or for other similar reasons.

. . . .

[A] business enterprise has a range of choice in controlling its own corporate structure. But reciprocal obligations arise as a result of the choice it makes. The owners may take advantage of the benefits of dividing the business into separate corporate parts, but principles or reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee.

*Id.* at 661–62 (citations omitted). The *Boggs* Court concluded that the defendant and its subsidiary would not be considered a single entity for purposes of liability under Kentucky's worker's compensation statute. *Id.* at 663. We agree with the well reasoned analysis of the *Boggs* court.

### D

 Under Indiana law, a corporation is a legal entity separate from its shareholders, *Winkler,* 638 N.E.2d at 1231–32 (citing *Benner–Coryell Lumber Co. v. Indiana Unemployment Compensation Bd.* (1940), 218 Ind. 20, 25, 29 N.E.2d 776, 778, *cert. denied,* 312 U.S. 698, 61 S.Ct. 741, 85 L.Ed. 1132 (1941)), and corporate shareholders are liable for corporate acts to the extent of their investment but are not personally liable for acts attributable to the corporation. *Aronson,* 644 N.E.2d at 867. Thus, we recognize a subsidiary and its parent corporation-shareholder as separate legal entities.

 A court exercises its equitable power in disregarding the corporate form. *Winkler,* 638 N.E.2d at 1232. Indiana courts are reluctant to disregard corporate form, but will do so to prevent fraud or unfairness to third parties. *Id.* at 1232 (citing *Magic Packing Co. v. Stone–Ordean* (1902), 158 Ind. 538, 541, 64 N.E. 11, 12). When such a claim is made, we place the burden on the party seeking to disregard the corporate form to show that the corporate form was misused to commit fraud or injustice. *Winkler,* 638 N.E.2d at 1232. Like the *Reboy* and *Boggs* courts, we think a different standard should apply when a corporation defensively argues that the corporate form should be disregarded. While we have expressed willingness to use our equitable power to disregard the corporate form to prevent fraud or unfairness to *third parties,* we perceive little likelihood that equity will ever require us to pierce the corporate veil to protect the same party that erected it. It was, after all, defendant that chose to structure itself in its present multi-corporate form. The exclusivity provision of Indiana's Worker's Compensation Act does not prevent an employee from suing his or her employer's parent corporation.[7]

### Conclusion

We now vacate the decision of the Court of Appeals, and reverse and remand this case to the trial court for proceedings not inconsistent with this opinion. Ind.Appellate Rule 11(B)(3).

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.

---

7. Such actions must be based on the alleged breach of a duty of care separate and distinct from any vicarious liability attributable to a parent corporation for acts of its subsidiary under principles of agency law. *See Boggs,* 590 F.2d at 663. What our decision is meant to prevent is a situation where an injured party would be deprived of his or her day in court by the purely fortuitous circumstance that the alleged tortfeasor is the corporate parent of the injured party's employer.