

IN THE

# Court of Appeals of Indiana

Theresa England,

*Appellant-Plaintiff*

v.

Steven R. Siebe and FedEx Freight, Inc., a foreign for-profit corporation licensed in Indiana,

*Appellees-Defendants*



FILED
Dec 04 2024, 11:00 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

December 4, 2024

Court of Appeals Case No.
24A-CT-497

Appeal from the LaPorte Superior Court

The Honorable Richard R. Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-2105-CT-898

---

**Opinion by Judge Mathias**
Judges Brown and Kenworthy concur.

**Mathias, Judge.**

[1] Theresa England appeals the trial court's dismissal of her complaint for lack of subject matter jurisdiction. England raises four issues for our review, which we consolidate and restate as the following two issues:

> 1. Whether the trial court's dismissal of England's complaint was contrary to Indiana's Worker's Compensation Act ("the Act").
>
> 2. Whether Indiana Code section 22-3-6-1(a), which defines an "employer" under the Act to encompass parent and subsidiary companies, violates the Indiana Constitution.

[2] We affirm.

## Facts and Procedural History

[3] In August 2020, England worked as an employee of FedEx Express Corporation ("FedEx Express"), and Steven R. Siebe worked as an employee of FedEx Freight, Inc. ("FedEx Freight"). FedEx Express is a 100% owned subsidiary of FedEx Corporation. FedEx Freight is a 100% owned subsidiary of FedEx Freight Corporation, and FedEx Freight Corporation, like FedEx Express, is a 100% owned subsidiary of FedEx Corporation.

[4] Around 9:10 a.m. on August 17, while in the course and scope of her employment with FedEx Express, England delivered a shipment to Pratt Industries, Inc. in Valparaiso. At the same time and place, Siebe, while in the course and scope of his employment with FedEx Freight, was operating a tractor-trailer at the Pratt Industries' loading dock. England attempted to make

her delivery at a delivery office, but she was directed to make the delivery at the loading dock. As she walked along the loading dock, Siebe operated the tractor-trailer in reverse, but the tractor-trailer did not have an operating audible or visual warning system to alert others that the vehicle was being operated in reverse. Siebe then backed the tractor-trailer into England, pinning her between the vehicle and the loading dock. England suffered catastrophic injuries.

[5] In May 2021, England filed her complaint against Siebe, FedEx Freight, and Pratt Industries. Thereafter, Siebe and FedEx Freight jointly moved to dismiss England's complaint as to them on the ground that her claims were barred by the Act. In support of their joint motion to dismiss, Siebe and FedEx Freight submitted designated evidence, which included business records that showed the parent and subsidiary relationships of the various FedEx businesses. In response, England argued that the relevant statutory language and precedent did not support the motion to dismiss. She also argued that a contrary understanding of the relevant statutes would violate her rights to open courts and trial by jury under Article 1, Sections 12 and 20 of the Indiana Constitution. *See* Appellant's App. Vol. 2, p. 74.

[6] The trial court held a hearing on the joint motion to dismiss and heard the arguments of counsel. Thereafter, the court entered its order dismissing England's complaint as to Siebe and FedEx Freight. The court then certified its order for interlocutory review, which we accepted.

## Standard of Review

England appeals the trial court's dismissal of her complaint as to Siebe and FedEx Freight, whom we will refer to collectively as FedEx Freight going forward. As our Supreme Court has explained:

> a motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. When a court lacks subject matter jurisdiction, any action it takes is void. A dismissal under Trial Rule 12(B)(1) is not an adjudication on the merits nor is it res judicata. A plaintiff thus is free to refile the action in the . . . tribunal that has jurisdiction. Lack of subject matter jurisdiction is an affirmative defense which may be raised in the pleadings, see T.R. 8(C), or on motion under 12(B)(1).
>
> * * *
>
> In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. The court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it is well established that in doing so it may consider not only the complaint and motion but any affidavits or other evidence submitted. Moreover, when considering a motion to dismiss for want of subject matter jurisdiction, a court may weigh the evidence to determine the existence of the requisite jurisdictional facts.

*Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286-87 (Ind. 1994) (citations omitted). And where, as here, the facts are not in dispute, "the question of subject matter jurisdiction is one of law," and we will "review the trial court's ruling de novo." *Citizens Action Coalition of Ind. v. Koch*, 51 N.E.3d 236, 240 (Ind. 2016).

## 1. Indiana's judiciary does not have original jurisdiction over England's claims against a joint employer or its employee.

[8] On appeal, England first contends that the trial court misapplied the Act when it dismissed her complaint. We do not agree.

[9] Our Supreme Court has long made clear that

> recovery for personal injury or death by accident arising out of employment and in the course of employment [must] be sought exclusively under the Worker's Compensation Act and . . . such actions are cognizable only by the Worker's Compensation Board. The legislature intended the board's jurisdiction in such cases to be original and exclusive, and resort may not be had to the courts until the administrative process has been completely exhausted. Claims which do not meet any one of the jurisdictional prerequisites do not fall within the act and may be pursued in court.

*Perry*, 637 N.E.2d at 1285 (citations omitted).

[10] The Act defines an "employer" in relevant part to expressly include "a parent corporation and its subsidiaries," which "shall each be considered joint employers" of the injured employee. Ind. Code § 22-3-6-1(a) (2020). As we have explained:

> [In] *McQuade v. Draw Tite, Inc.*, 659 N.E.2d 1016 (Ind. 1995), . . . our Supreme Court held that an employee was not precluded under the Act from bringing a negligence action against the parent corporation of her employer. At that time, however, the statutory definition of "employer" for purposes of the Act did not include a parent or subsidiary of the defendant's employer. Finding the statutes in the Act were silent as to its

applicability to an injured worker seeking recourse against his employer's parent corporation, the court held that the parent corporation fell within the language of I.C. § 22-3-2-13, which left intact the injured employee's right to pursue a legal claim against any "other person than the employer."

[And in] *Ritter v. Stanton*, 745 N.E.2d 828 (Ind. Ct. App. 2001), *trans. denied*, . . . this court refused to depart from the *McQuade* holding. We held that an injured employee could maintain an action against The Kroger Company, which was the parent corporation of his employer from which he had already received a worker's compensation settlement.

Effective July 1, 2000, the definition of employer under the Act was amended to provide that "[a] parent or a subsidiary of a corporation or a lessor of employees shall be considered to be the employer of the corporation's, the lessee's, or the lessor's employees for purposes of IC 22-3-2-6." In 2001, the legislature further amended the definition of "employer" for purposes of the Act to provide "[a] parent corporation and its subsidiaries shall each be considered joint employers of the corporation's, the parent's, or the subsidiaries' employees for purposes of IC 22-3-2-6 and IC 22-3-3-31." We find that the amendment[s] to the Act's definition of "employer" abrogated the holdings in *Ritter* and *McQuade*.

*Hall v. Dallman Contractors, LLC*, 51 N.E.3d 261, 264-65 (Ind. Ct. App. 2016) (footnote omitted; some alterations original to *Hall*).

[11]   In *Hall*, an employee of Ameritech Services, Inc. was injured in the course and scope of her employment when she tripped in snow outside of a building owned by AT&T, Inc. The employee sued AT&T, Inc. for her injuries, and AT&T, Inc. moved to substitute AT&T Services, Inc. as the real party in interest as

AT&T Services, Inc. was alleged to be the party responsible for snow removal outside the building.

[12] The AT&T companies then moved to dismiss the employee's complaint for lack of subject matter jurisdiction based on the Act's statutory definition of an employer. In support of that motion, the AT&T companies submitted evidence that showed that Ameritech Services, Inc. was 100% owned by numerous Bell companies; that the Bell companies were 100% owned by AT&T Teleholdings, Inc.; and that AT&T Teleholdings, Inc. was 100% owned by AT&T, Inc. The evidence further showed that AT&T Services, Inc. was 83.1% owned by AT&T, Inc. The trial court agreed with the AT&T companies and dismissed the employee's complaint.

[13] On appeal, we agreed with the trial court and held that the relevant statutory definition of a "subsidiary" includes "all tiered subsidiaries." *Id.* at 267 (quotation marks omitted). Thus, we concluded that Ameritech Services, Inc. was a subsidiary, albeit a "third-tier subsidiary," of AT&T, Inc., and that AT&T Services, Inc. was "also a subsidiary of AT&T, Inc." *Id.* As both the employee's direct employer (Ameritech Services, Inc.) and the alleged tortfeasor (AT&T Services, Inc.) had a common parent company (AT&T, Inc.), we held that the direct employer and alleged tortfeasor "should be considered joint employers pursuant to the Act's definition of 'employer.'" *Id.* Hence, the employee's action against the alleged tortfeasor was "barred by the exclusive remedies provision of the Act." *Id.*

[14] Here, England was an employee of FedEx Express. FedEx Express is a 100% owned subsidiary of FedEx Corporation. She has filed suit against FedEx Freight and its employee; however, FedEx Freight is a 100% owned subsidiary of FedEx Freight Corporation, and FedEx Freight Corporation, like FedEx Express, is a 100% owned subsidiary of FedEx Corporation. Thus, like the employee in *Hall*, both England's direct employer (FedEx Express) and the alleged tortfeasor (vicariously, FedEx Freight) have the same parent company (FedEx Corporation). Accordingly, England's direct employer and the alleged tortfeasor are joint employers under the Act, and her claims against Siebe and FedEx Freight are barred by the Act's exclusive remedies provision.

[15] Still, England argues that Indiana Code section 22-3-6-1(a) "does not say . . . that sibling corporations are 'joint employers' under the Act." Appellant's Br. at 12. England is incorrect. The statute says, "a parent corporation and *its* subsidiaries . . . shall *each* be considered joint employers . . . ." I.C. § 22-3-6-1(a) (emphases added). That language unambiguously identifies parent companies of the employee's direct employer as joint employers, and it likewise unambiguously and separately identifies all of the parent company's subsidiaries—and, thus, "sibling corporations"—as joint employers.

[16] England also argues that we should follow *McQuade* and other authority that predates the current statutory language. We decline to do so. In addition, England argues that *Hall* was incorrectly decided and that we should not follow it. We disagree and think that *Hall* correctly follows the plain language of the

Act. Finally, England asserts that *Hall* is distinguishable because the employee in *Hall*, unlike England, had already received a worker's compensation settlement from her employer. But England's attempt to distinguish *Hall* has no bearing on the statutory definition of an employer under the Act, and we do not find her argument persuasive.

[17] Accordingly, the trial court properly dismissed England's complaint as to FedEx Freight and Siebe in accordance with the Act.

## 2. Indiana Code section 22-3-6-1(a) is constitutional.

[18] We thus turn to England's arguments on appeal that Indiana Code section 22-3-6-1(a) violates the Indiana Constitution. According to England, by defining an "employer" under the Act to include a parent corporation and its subsidiaries, Indiana Code section 22-3-6-1(a) violates the Open Courts Clause of Article 1, Section 12 of the Indiana Constitution and the Right to Trial by Jury Clause of Article 1, Section 20. England also argues for the first time on appeal that the statute violates the Equal Privileges and Immunities Clause of Article 1, Section 23.

[19] As our Supreme Court has made clear:

> When a statute is challenged as an alleged violation of the Indiana Constitution, our standard of review is well settled. A statute is presumed constitutional until the party challenging its constitutionality clearly overcomes the presumption by a contrary showing. If a statute has two reasonable interpretations, one constitutional and the other not, we will choose the interpretation that will uphold the constitutionality of the statute.

> We do not presume that the General Assembly violated the constitution unless the unambiguous language of the statute so mandates. This Court should nullify a statute on constitutional grounds only where such result is clearly rational and necessary.

*Sims v. U.S. Fid. & Guar. Co.*, 782 N.E.2d 345, 349 (Ind. 2003).[1]

[20] In a similar challenge to the constitutionality of the Act in *Sims*, our Supreme Court made clear that the Act did not violate either the Open Courts Clause or the Right to Trial by Jury Clause. As the Court explained, an employee under the Act "is not completely denied access to the courts. Rather, he is merely required to present his claim first to the full Worker's Compensation Board." *Id.* at 351. Further, claims covered by the Act are "part of a special statutory proceeding" and are not a "'civil case' as contemplated by" the Right to Trial by Jury Clause. *Id.* We conclude that *Sims* forecloses England's similar arguments under Sections 12 and 20 of Article 1.

[21] That leaves England's challenge to Indiana Code section 22-3-6-1(a) under the Equal Privileges and Immunities Clause of Article 1, Section 23. And, here, we agree with FedEx Freight that England has not preserved this argument for appellate review. As our Supreme Court has held: "the general rule is that failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal." *Planck v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind.

---

[1] Although FedEx Freight relied on *Sims* in the trial court and in its Appellees' Brief, England does not discuss or mention it in either of her briefs to our Court.

2013). Here, England challenged the constitutionality of the statute in the trial court only under Article 1, Sections 12 and 20. She did not challenge the statute under Article 1, Section 23. Further, in *Sims*, our Supreme Court held that the Act as a whole did not violate Article 1, Section 23, and in her briefs on appeal England makes no attempt to distinguish that authority. *See Sims*, 782 N.E.2d at 353-54; *see also* Ind. Appellate Rule 46(A)(8)(a). Accordingly, we conclude that England's argument under the Equal Privileges and Immunities Clause is not properly before us.

## Conclusion

[22] For all of these reasons, we affirm the trial court's dismissal of England's complaint against Siebe and FedEx Freight.

[23] Affirmed.

Brown, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

William T. Gibbs
Corboy & Demetrio, P.C.
Chicago, Illinois

Jon F. Schmoll
Langer & Langer
Valparaiso, Indiana

ATTORNEYS FOR APPELLEES

Bruce D. Jones
Keith A. Gaston
Emily O. Sery

Cruser, Mitchell, Novitz, Sanchez, Gaston, & Zimet, LLP
Indianapolis, Indiana